SPURLOCK V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-269-CR

JOHN CHARLES SPURLOCK APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355
TH
 DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant John Charles Spurlock appeals the denial of his request for post-conviction DNA testing.  Appellant pled guilty to aggravated sexual assault on February 13, 1996.  He filed a motion for post-conviction DNA testing on March 27, 2003, which the trial court denied on April 16.  The trial court granted appellant’s motion for rehearing after the State indicated that it had located material suitable for testing.  After a hearing on June 17, 2003, the trial court denied the motion again.  In one issue, appellant contends the trial court erred in ruling that identity was not an issue and that there was not a reasonable probability that appellant would not have been prosecuted or convicted if exculpatory DNA results were obtained.  We affirm.

The trial court found that identity was not an issue in the case and that appellant failed to establish that a reasonable probability exists that he would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 64.03(a)(1)(B) (Vernon Supp. 2004); Act of April 3, 2001, 77
th
 Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2,3 (amended 2003) (current version at 
Tex. Code Crim. Proc. Ann.
 art. 64.03(a)(2)(A) (Vernon Supp. 2004)).  Appellant contends that he discovered from the victim’s diary that she might be pregnant by her boyfriend, to whom she is now married, and this evidence supports his defense that he is innocent.  According to appellant, DNA testing would confirm that the victim was having sexual intercourse with her boyfriend and that the victim falsely identified him as her assailant in order to protect her boyfriend.

At the hearing on appellant’s motion for DNA testing, the State introduced as evidence the victim’s statement to the police in which she identified appellant as the perpetrator.  The victim was appellant’s daughter, and her statement describes appellant sexually assaulting her beginning when she was four years old and continuing until she was eleven.  At the hearing, appellant admitted that he was the victim’s father and that she had known him her whole life.  He also admitted that the issue at his trial would have been whether or not he did what the victim said he did.

The victim’s statement clearly identifies the perpetrator as her “dad, John Charles Spurlock.”  There is no indication that the victim was confused about the identity of her assailant or that she misidentified him.  Additionally, the mere presence of another person’s DNA in any biological material would not negate the victim’s accusations against her father.  Appellant’s contentions go to the credibility of his accuser; they do not call into question her identification of him as her assailant.  Therefore, we hold that the trial court did not err in determining that identity was not an issue in the case.

Because identity was not and is not an issue, we do not reach the additional argument that further DNA testing would exonerate appellant.  
See
 
Tex. Code Crim. Proc. Ann
. art. 64.03(a)(1)(B) (providing that the court must find identity to be at issue before moving to remaining requirements).  
Accordingly, we hold that the trial court did not err in denying appellant’s motion for DNA testing where identity was not and is not at issue.  We overrule appellant’s sole issue and affirm the trial court’s judgment.

PER CURIAM

PANEL F: LIVINGSTON, GARDNER, and WALKER, JJ.

GARDNER, J. concurs without opinion.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  January 22, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.